United States District Court
Southern District of Texas
ENTERED
May 21, 2026
United States Courts
Nathan Ochsner, Clerk
Southern District of Texas
FILED
*May 20, 2026*

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:22-CR-516 |
| | § | |
| JONATHAN ELIOTT SMITH-BYRD, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JURY CHARGE

**MEMBERS OF THE JURY:**

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty, at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then, I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

1

### A.    Duty to Follow Instructions



You, as jurors, are the judges of the facts. But, in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

### B.    Presumption of Innocence, Burden of Proof, Reasonable Doubt

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

### C.    Evidence

### a.    Excluding What is not Evidence

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or

most helpful to their side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### b.    Inferences—Direct and Circumstantial

In considering the evidence you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

### D.    Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the

3

weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### a.  Impeachment By Prior Inconsistencies

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

4



### E.   On or About

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes charged in the indictment reasonably near the dates alleged in the indictment.

### F.   Venue

In order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that the offense charged was begun, continued, or completed in the Southern District of Texas. Unlike the other elements of the offense, this is a fact that the government must prove only by a preponderance of the evidence. This means the government must convince you only that it is more likely than not that the offense charged was begun, continued, or completed in the Southern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Harris County is located in the Southern District of Texas.

### G.   Caution—Consider Only Crime Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### H.   Caution—Punishment

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

### I.   Single Defendant—Multiple Counts

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

### J.     "Knowingly"—To Act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## K. Accomplice Testimony

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## L. Impeachment by Prior Conviction

You have been told that the witness, Kala Matthews, was convicted in Las Vegas, Nevada on January 29, 2020 of pandering. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## M. Unanimity of Theory

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instructions apply to the unanimity requirement as to Counts One through Six.

Counts One, Four, and Five accuse the Defendant Jonathan Eliott Smith Byrd of committing Sex Trafficking of Minors and/or with Force, Fraud or Coercion in 2 different ways. The first is that the defendant either (a) knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means or (b) knowingly

6

benefited, financially or by receiving anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained, or maintained a person, or both.

Second, as to Counts One, Four and Five, all of you must agree that the Defendant knew or recklessly disregarded the fact that either (a) force, fraud, or coercion would be used to cause a person to engage in commercial sex or (b) that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, or both.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one of each is enough. But in order to return a guilty verdict, all of you must agree that the same one of each, or both of each, has been proved.

As to Counts One through Six, all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly benefited financially or by receiving anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained, or maintained a person; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant did both.

As to Counts One, Four, and Five, all of you must agree that the government proved beyond a reasonable doubt that force, fraud, or coercion would be used to cause a person to engage in commercial sex; or, all of you must agree that the government proved beyond a reasonable doubt that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant did both.

### a. Count One: Sex Trafficking of a Minor or by Force, Fraud, or Coercion—D.R.

Defendant Jonathan Eliott Smith-Byrd is charged in Count One with sex trafficking of D.R., in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2) on or about January 1, 2014 through June 16, 2014.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** Jonathan Eliott Smith-Byrd

A.     Knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means D.R.; or

B.     Knowingly benefited financially or received anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained or maintained D.R.;

**Second:** Jonathan Eliott Smith-Byrd

A. committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause D.R. to engage in a commercial sex act; or

B. committed such act knowing or in reckless disregard of the fact that D.R. had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

**Third:** That Jonathan Eliott Smith-Byrd's acts were in or affected interstate commerce.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

If the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the government does not have to prove that the defendant knew that the person had not attained the age of 18 years.

8

A sex act does not have to actually occur to find the defendant guilty of §1591(a).

**b. Count Two: Sex Trafficking by Force, Fraud, or Coercion—D.R.**

Defendant Jonathan Eliott Smith-Byrd is charged in Count Two with sex trafficking of D.R., in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2) on or about June 17, 2014 through September 28, 2017.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** Jonathan Eliott Smith-Byrd

A.      Knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means D.R.; or

B.      Knowingly benefited financially or received anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained or maintained D.R.;

**Second:** Jonathan Eliott Smith-Byrd committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause D.R. to engage in a commercial sex act; and

**Third:** That Jonathan Eliott Smith-Byrd's acts were in or affected interstate commerce.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate

9

commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

A sex act does not have to actually occur to find the defendant guilty of §1591(a).

### c.     Count Three: Sex Trafficking by Force, Fraud, or Coercion—T.P.

Defendant Jonathan Eliott Smith-Byrd is charged in Count Three with sex trafficking of T.P., in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2) on or about September 1, 2015 through November 30, 2015.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** Jonathan Eliott Smith-Byrd

A.     Knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means T.P.; or

B.     Knowingly benefited financially or received anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained, or maintained T.P.;

**Second:** Jonathan Eliott Smith-Byrd

A. committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause T.P. to engage in a commercial sex act; and

**Third:** That Jonathan Eliott Smith-Byrd's acts were in or affected interstate commerce.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same

10

background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

A sex act does not have to actually occur to find the defendant guilty of §1591(a).

### d. Count Four: Sex Trafficking of a Minor or by Force, Fraud, or Coercion— A.D.

Defendant Jonathan Eliott Smith-Byrd is charged in Count Four with sex trafficking of A.D., in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2) on or about February 2, 2018 through February 4, 2018.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** Jonathan Eliott Smith-Byrd

A.     Knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means A.D.; or

B.     Knowingly benefited financially or received anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained, or maintained A.D.;

**Second:** Jonathan Eliott Smith-Byrd

A. committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause A.D. to engage in a commercial sex act; or

B. committed such act knowing or in reckless disregard of the fact that A.D. had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

11

**Third:** That Jonathan Eliott Smith-Byrd's acts were in or affected interstate commerce.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

If the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the government does not have to prove that the defendant knew that the person had not attained the age of 18 years.

A sex act does not have to actually occur to find the defendant guilty of §1591(a).

### e. Count Five: Sex Trafficking of a Minor or by Force, Fraud, or Coercion—L.R.

Defendant Jonathan Eliott Smith-Byrd is charged in Count Five with sex trafficking of L.R., in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2) on or about August 1, 2013 through February 12, 2014.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** Jonathan Eliott Smith-Byrd

A.     Knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means L.R.; or

12

B.    Knowingly benefited financially or received anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained or maintained L.R.;

**Second:** Jonathan Eliott Smith-Byrd

A. committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause L.R. to engage in a commercial sex act; or

B. committed such act knowing or in reckless disregard of the fact that L.R. had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

**Third:** That Jonathan Eliott Smith-Byrd's acts were in or affected interstate commerce.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the defendant's conduct was "in or affected interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

If the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the government does not have to prove that the defendant knew that the person had not attained the age of 18 years.

13

A sex act does not have to actually occur to find the defendant guilty of §1591(a).

### f.  Count Six: Sex Trafficking by Force, Fraud, or Coercion—K.M.

Defendant Jonathan Eliott Smith-Byrd is charged in Count Six with sex trafficking of K.M., in violation of Title 18, United States Code, Sections 1591(a)(1) and (a)(2) on or about May 29, 2015 through October 27, 2022.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

**First:** Jonathan Eliott Smith-Byrd

A.  Knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means K.M.; or

B.  Knowingly benefited financially or received anything of value, from participating in a venture which recruited, enticed, harbored, transported, provided, obtained, or maintained K.M.;

**Second:** Jonathan Eliott Smith-Byrd

A. committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause K.M. to engage in a commercial sex act; and

**Third:** That Jonathan Eliott Smith-Byrd's acts were in or affected interstate commerce.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

14

In determining whether the defendant's conduct was "in or affected interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

A sex act does not have to actually occur to find the defendant guilty of §1591(a).

### g. Count Seven: Coercion and Enticement—D.R.

Defendant Jonathan Eliott Smith-Byrd is charged in Count Seven with coercing and enticing D.R. to engage in prostitution in violation of Title 18, United States Code, Section 2422(a) on or about June 17, 2014 through September 18, 2017.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved beyond a reasonable doubt that Jonathan Eliott Smith-Byrd:

A.      Knowingly persuaded, induced, enticed, or coerced D.R. to travel in interstate commerce to engage in prostitution; or

B.      Attempted to persuade, induce, entice, or coerce D.R. to travel in interstate commerce to engage in prostitution.

It is not necessary for the Government to prove that D.R. was actually persuaded, induced, enticed, or coerced into engaging in prostitution, as long as it proves the Defendant intended to persuade, induce, entice, or coerce D.R. to engage in prostitution and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the Defendant's criminal attempt. Mere preparation is not enough.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Prostitution" means engaging in or agreeing to or offering to engage in any sexual act with or for another person in exchange for money or other consideration.

15

### h. Count Eight: Coercion and Enticement—T.P.



Defendant Jonathan Eliott Smith-Byrd is charged in Count Eight with coercing and enticing T.P. to engage in prostitution in violation of Title 18, United States Code, Section 2422(a) on or about September 1, 2015 through November 30, 2015.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved beyond a reasonable doubt that Jonathan Eliott Smith-Byrd:

A.    Knowingly persuaded, induced, enticed, or coerced T.P. to travel in interstate commerce to engage in prostitution; or

B.    Attempted to persuade, induce, entice, or coerce T.P. to travel in interstate commerce to engage in prostitution.

It is not necessary for the Government to prove that T.P. was actually persuaded, induced, enticed, or coerced into engaging in prostitution, as long as it proves the Defendant intended to persuade, induce, entice, or coerce T.P. to engage in prostitution and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the Defendant's criminal attempt. Mere preparation is not enough.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Prostitution" means engaging in or agreeing to or offering to engage in any sexual act with or for another person in exchange for money or other consideration.

### i. Count Nine: Coercion and Enticement—K.M.

Defendant Jonathan Eliott Smith-Byrd is charged in Count Nine with coercing and enticing K.M. to engage in prostitution in violation of Title 18, United States Code, Section 2422(a) on or about May 29, 2015 through October 27, 2022.

For you to find the Defendant guilty of this crime, you must be convinced that the

16

Government has proved beyond a reasonable doubt that Jonathan Eliott Smith-Byrd:

A.    Knowingly persuaded, induced, enticed, or coerced K.M. to travel in interstate commerce to engage in prostitution; or

B.    Attempted to persuade, induce, entice, or coerce K.M. to travel in interstate commerce to engage in prostitution.

It is not necessary for the Government to prove that K.M. was actually persuaded, induced, enticed, or coerced into engaging in prostitution, as long as it proves the Defendant intended to persuade, induce, entice, or coerce K.M. to engage in prostitution and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the Defendant's criminal attempt. Mere preparation is not enough.

"Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

"Prostitution" means engaging in or agreeing to or offering to engage in any sexual act with or for another person in exchange for money or other consideration.

## N. Duty to Deliberate—Verdict Form

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

17

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.



If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**SIGNED** at Houston, Texas on May___ 2 0, 2026.


GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

19