UNITED STATES OF AMERICA SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 4:22-cr-516S |
| | § | |
| V. | § | |
| | § | May 28, 2026 |
| JONATHAN ELIOTT SMITH-BYRD | § | |
| | § | |
| | § | |
| | § | |

United States Courts
Southern District of Texas
FILED

JUN 0 1 2026

Nathan Ochsner, Clerk of Court

## MOTION FOR JUDGMENT OF ACQUITTAL Fed. R. Crim. P

Your Honor, the attorney in fact moves to dismiss all counts against the defendant under RULE 29 and for a Judgment of Acquittal based on insufficiency of evidence to support each and every count of the superseding indictment. Counts 1 DR, count 4 AD and count 5 LR count 3 TP the evidence introduced at trial was legally insufficient to sustain a conviction because (1) the government failed to prove beyond a reasonable doubt that the charged conduct was "in or affecting interstate or foreign commerce"(jurisdictional nexus), and (2) the government failed to prove beyond a reasonable doubt that the defendant knew or recklessly disregarded the victim's age. (3) the government failed to establish in count 1 and count 5 the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, solicited DR and LR as Minors. (4) the government failed to prove beyond a reasonable doubt defendant and count 5 LR even knows each other seeing that LR never identified the defendant. Attorney in fact also moves for judgment of acquittal on all counts, on grounds that the government's conviction rests on evidence admitted in violation of the Sixth Amendment Confrontation Clause (Count 5 LR), causing prejudice, underminding the whole trial and, without that evidence, no rational juror could have found the defendant guilty beyond a reasonable doubt. Under Jackson v. Virginia, 443 U.S. 307 (1979), and

1

Rule 29, the court must enter judgment of acquittal where, viewing the evidence in the light most favorable to the Government, no rational juror could find every element beyond a reasonable doubt. The court must consider neither the weight of the evidence nor credibility determinations beyond whether a rational juror could reach a verdict. On the COERCION issue: The government must not only present evidence of harm or physical restraint or threats of it but that such harm or threats of harm compelled a reasonable person of the same background to perform sexual activity avoid incurring that harm. The government failed to make this connect and also failed to illicit testimony from witnesses that such harm or threats of harm compelled them, made them feel like or they thought they would be harmed if they did not perform sexual activity's for the defendant.

ARGUMENT INTORSAFFECTING INTERSTATE OR FOREIGN COMMERCE

I. The government failed to prove the required interstate commerce nexus in Count 1, Count 3 and Count 5 DR TP LR. 18 U.S.C.§ 1591 (jurisdictional element:"in or affecting interstate or foreign commerce") Count 1, Feburary 12, 2014, there was multiple witnesses on the scene the government failed to produce violating defendants Due Process rights (pre-indictment delay) missing evidence and missing witnesses deliberatly to gain a tactical advantage. With evidence like cameras from motel 6 property, DNA evidence from condoms that the government says was used in sex trafficking and witnesses who where on the scene and inside the defendants room (Bradley Hall, M'kayla Castillo and Alyssa Batts) the defendant would have been exonerated of count 1. In fact the government had Bradley Hall on there witness list for trial but failed to produce Bradley Hall and LR who was also on the governments witness list. Four Witnesses known to the government, that was at the Motel 6 on

Feburary 12, 2014 was not produced by the government to show interstate commerce was affected and sex trafficking was going on at this Motel 6 alleged in Count 1 and Count 5 DR LR. Witness DR testified to prostituting at the Motel 6 but also testified to not being inside of room when law enforcement arrived. Count 5 LR did not testify to being inside of room nor did LR testify to prostituting at the Motel 6 on Feburary 12, 2014. M'kayla Castillo was in fact inside of the defendants room when law enformant arrived and would have been able to testify to DR and LR not being inside of the room nor prostituting at the motel 6 on said day. The government relience on One witness DR testimony out of Five witnesses that didnt testify (Bradley Hall, M'kayla Castillo, Alyssa Batts, LR and the Defendant) is not sufficent evidence to show interstate commerce was affected in Count 1 and Count 5 DR LR.

A. LEGAL STANDARD

When a federal statute requires that the offense be "in or affecting interstate commerce," the Government must produce evidence of a sufficient nexus between the charged conduct and inerstate commerce. Minimal proof of an effect on interstate commerce may suffice in some contexts, but the Government cannot meets its burden through speculation or by asking the jury to infer interstate effect from bare possibility. One of the bare possibility's the government has asked the jury to infer interstate effect is DR testimony alone and weather she is being truthful or dishonest. Multiple witnesses on the scene named above would have been sufficient, if the Federal government had done a investigation in 2014 and was on the scene collecting evidence, that would have been sufficient, but the government relience on a state investigation (pictures of room only) and DR testimony is not sufficient to prove interstate commerce was affected. Again there is no evidence that the

3

defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, solicited "DR or LR" in Count 1 and Count 5.If the governments argument is DR testimony is evidence, then any person at a hotel can argue they have been sex trafficked without any evidence to substantiate there claims. Again there where multiple witnesses at this same hotel room that could have substantiate DR testimony but the government failed to present these witnesses that again are known to the government and this has violated the defendants Due Process of law during and before trial.

B. Factual Deficiencies

The Government introduced only the following evidence that allegedly bears on interstate commerce in Count 1 and Count 5 DR LR: Count 3. A Motel 6 receipt that was in the defendants name and testimony from DR saying she was prostituting out of the defendants room on February 12, 2014.

Count 1 the Government also points to backpage ads from April 2014 where there was a phone number in the ads that linked the defendant to a police report in the state from 2014.

This evidence is insufficient because first at the Motel 6 February 12, 2014 the witnesses DR has no evidence to substantiate her testimony nor does the government. The government has done a in justice by not providing to the courts or the jury multiple witnesses that were on the scene and having the jury guess as to if the witness is telling the truth or being dishonest, when the facts could have been proven from these missing witnesses and/or other evidence that wasn't collected in 2014. Again this was done deliberatly to gain a tactical advantage against the defendant which is one of the prongs the defendant must show in a Due Process Pre-Indictment delay violation.

4

- The Governments Production of Backpage.com ads from late 2015 as evidence is also insufficient because the Governments introduced advertisements of Witness TP Count 3 but produced NO Testimony from Adult witness TP that she made any money off of Backpage.com while traveling across state lines. In fact Witness TP testified that she never made any money off of her Backpage.com ads. In fact witness TP stated that is was not illegal for a Adult to post ads on Backpage.com during her testimony.

- The Government did not produce any phone records from witness TP that she travled out of state and engaged in prostitution for the defendant.

- The Government did not produce any evidence that payments cash, electronic transfers crossed state lines or involved interstate banking.

- The Government produced testimony from witness TP that she walked the "track" in Louisiana but did not produce any evidence of testimony from witness TP of what "track" she walked.

- The Government did not produce any evidence or testimony from witness TP that she made any money walking the "track" in Louisiana.

- The Government did not produce any hotel/motel receipts, tickets, or testimony from witness TP establishing out of state transportation that involved sex for money and/or sexual activity for money that was paid to the defendant.

- The Government has failed to show a connection between going out of state and walking on a random street in another state as a crime. The Government has also failed to elicit testimony or evidence that walking on this unknown street produced any money and how that affected interstate commerce in respect to witness TP.

- The Government only produced testimony from witness TP that she walked on the bissonnet "track" in houston and made money, a purely local matter.

- The Governments production of Backpage.com ads from April 2014 as evidence is also insufficient because the Government introduced advertisements but produced NO metadate, IP logs, server records, ad posting records, or testimony showing that the advertisements was posted or transmitted across state lines or that the platform used interstate facilities in a way that affected commerce.

- The Governments production of Backpage.com ads from April 2014 as evidence is also insufficient because the Government introduced a phone number that linked back to a state police report that is inadmissible under Rule [801(c)] and/or other hearsay Rules. Defendant also objected to the admission of said police report in trial as hearsay. (Jurors cannot evaluate statement to determine reliabilty, therefore prejudicial Rule 403/404. The Government produced a cell phone number from state police report but produced no carrier records showing the defendants or DR witness name, no carrier records showing interstate routing, cell site data, or other prooft that communications crossed state lines, or any proof that this phone number of Backpage.com ads was connected to the defendant or DR or any other unknown witness or alleged victim.

- The Government produced no evidence from 2014 Count 1 and Count 3, Count 5 of travel across state lines, no receipts, tickets, or testimony establishing out of state transportation.

- The Government produced no evidence that payments cash, electronic transfers crossed state lines or involved interstate banking.

- The Government produced no evidence of testimony that customers or business or originated in other states or that the commercial activity involved interstate facilities.

- That an alleged offense occurred at a Motel 6 (a national chain)

does not automatically establish an effect on interstate commerce absent additional proof tying the charged conduct to interstate commerce. Without concrete proof of interstate travel, interstate communications, interstate payments, or some other clear interstate nexus, the Government's proof is legally insufficient on this element. No rational juror could infer the required interstate effect from the testimony offered, under Jackson v. Virginia, 443 U.S. 307 (1979), the Court must enter judgment of acquittal.

C. Application to the record

Given the Government's proof, no rational juror could conclude beyond a reasonable doubt that the charged offense "affected interstate commerce." The conduct proved at trial was purely local in nature and intrastate, that's why local law enforcement investigated the February 12, 2014 controversy at the Motel 6 and the federal Government didn't look into the controversy into 4-6 years later after witness DR brought it up to federal agents. DR never made a out cry on February 12, 2014 and factually went to Harris County Jail on the same day same controversy for possession of controlled substance and charged as a Adult. DR never one time brought up she was being sex trafficked or that she was prostituting at said Motel 6, or did the Government provied interviews for witness DR with Harris County police department on February 12, 2014. In the Governments overzealous attempts to prosecute the defendant they have violated the 10th Amendment and has cause a Stark Intrusion on local police power, local policies that the State of Texas retains as sovereign. As a last attempt to vendicate these violations of the 10th Amendment the defendant challenges the Government under Article III of the Constitution. Absent concrete evidence transportation across state lines, interstate

7

money movement, interstate communication records, or other evidence confirming an effect on interstate commerce, the statutory jurisdictional element is not satisfied for Count 1, Count 3 and Count 5 DR TP LR.

ARGUMENT KNEW OR RECKLESSLY DISREGARDED VICTIM'S AGE

IIII. In Count 1, Count 4 and Count 5 the Government has failed to prove beyond a reasonable doubt that the defendant "knew" or reckless disregard" of the fact that the alleged witnesses in Count 1, 4, and 5 was under the age of 18. The only evidence on that point is testimony from witness DR count 1 and witness AD count 4 that they both told the defendant they was 17 and 16 when they meet. Witness DR in early 2014 and witness AD in early 2018. There is no corroboration, no indicia that the defendant subjectively believed the statements, no evidence besides testimony that the witnesses told the defendant there age. It is the defendants position that the witnesses ever told him there age. In addition the record shows and DR testimony she admits to being processed be police and certified as an Adult the same night on February 12, 2014. Moreover, the jury verdict rests in part on testimonial out of court statements about an unavailable witness LR Count 5 introduced over defense objection, statements that are hearsay and, if testimonial, violative of the Confrontation Clause. Viewing the record in the light most favorable to the Government, no rational juror could find each element of § 1591 beyond a reasonable doubt. Under Jackson v. Virginia, 443 U.S. 307 (1979), the Courts must enter judgment of acquittal.

II.
A. LEGAL STANDARD

Section 1591 requires the Government to prove, beyond a reasonable doubt, that the defendant either knew the person was a minor or acted in reckless disregard of that fact. The Government must prove mens reas beyond reasbeyond a reasonable doubt. "Reckless disregard" requires subjective

awareness of a substantialkrisk that the person was under 18 and
a conscious disregard of that risk. Mere negligence or the existence of
ambiguous circumstances is insufficient to establish recklessness
beyond a reasonable doubt. Even constructive knowledge is insufficient.

II.FACTUAL DEF

B. FACTUAL DEFICIENCIES

- At trial, the Government offered the following evidence on age/knowledge:
Count 1 DR testimony,sshe stated she told the defendant her age the
first time they meet.

Count 4 AD testimony, she stated she told the defendant the first time
they meet her age.

Count 5 LR did not testify and the defendant was unable to Confront
LR and NO other witness gave testimony that LR was underaage or that
LR told anyone she was under age including the defendant. LR was a un
unavailable witness for the Government but was in fact on the Governments
witness list.

This evidence of alleged statements made in 2014 witness DR Count 1,
12 years has passed before DR took the witness stand and made her
testimony could not possible been reliable to show knowledge of age
or reliable that DR even made those statements so long ago. The evidence
of alleged statement made in 2018 witness AD Count 4, 8 years has
passed before AD took the witness stand and made her testimony could not
possible be reliable to show knowledge of age or reliable that AD even
made those statements so long ago to defendant. This evidence fails
to prove knowledge or reckless disregard because:

- There was no evidence that the defendant was told the victims were
under 18 years of age, nor any credible evidence that the defendant
observed or was informed of the victim's true age.

9

- The Government did not produce any evidence the (DR LR or AD Count 1, 4,5) witnesses had a youthful appearance, that they made explicit statements these witnesses where under age to the defendant. No one testified or any evidence given from the Government that these women used fake ID, or that anyone indicated these witnesses where minors (DR LR AD).

- The Government introduced no evidence that the defendant deliberately avoided learning the witnesses age (no instructions to avoid asking, no destruction of documents, no fabricated IDs), which would be necessary to prove reckless disregard.

- The Government introduced no evidence like police bodycam footage of how DR Count 1, LR Count 5 or AD Count 4 looked at the time of the alleged trafficking.

- The Government did not elicit testimony from DR Count 1 that the defendant bought hotel rooms in his name because she had no ID. The witness DR never gave testimony that she didnt have a ID or that the defendant knew she did not have a ID.

- The Government did not elicit testimony from LR Count 5 or AD Count 4 that the defendant bought hotel rooms in his name because they had no ID. The witnesses LR and AD never gave testimony that they didnt have a ID or that the defendant knew she did not have a ID.

- The Government did not show evidence or elicit testimony that the defendant had sex with LR Count 5 or AD Count 4.

- The Government did not elicit testimony that DR LR or AD acted childish or under age or testimony that the said 3 witnesses where virgins.

- The witnesses never testified that they where in high school or in school. The Government never showed evidence of these witnesses being in school, in fact school was never brought up in trial by the Government.

10

- The Government did not ïelicit testimony that the defendant coached DR LR or AD to increase the appearance of there age and/or lie to to customers about there age. DR LR or AD testified to the defendant making them do there hair or dress up real nice or put on makeup to make them appear older and/or not look young.

- The Government put on DR mother paula richardson on the stand, and did not ïelicit testimony that paula richardson told the defendant her daughters age. Paula richardson never gave testimony that DR was in school. Paula richardson never gave testimony that the defendant knew her daughters age. Paula richardson never gave testimony that DR looked 17 and/or under age in 2014.

- The Government did not put LR mother or AD mother on the stand to verify if there daughters looked under age.

- Any inferences the jury drew are based on speculation and not on evidence that could permit a rational juror to find subjective awareness of a substantial risk beyond a reasonable doubt.

II.
C.  APPLICATION TO THE RECORD

Applying the legal standard to the record, the Government's proof is insufficient. For Count 1 DR and Count 4 AD, the Government's proof on age consisted (as the court knows) essentially of Count 1 DR and Count 4 AD testimony that she told the defendant she was 17(DR) and 16(AD). There is no direct evidence that the defendant heard those statements, believed those statements where true. No testimony that the defendant was repeatedly told or confronted with proof of minority, and no evidence of deliberate avoidance of the person's age (no fake ID, no instruction to others to conceal age, no destruction of documents). In addition, official law enforcement processing on February 12, 2014

the night in question for witness DR Count 1, indicates the alleged witness DR was arrested for a controlled substance offense and was certified/processed as an Adult evidence that cuts against an inference that the defendant had subjective knowledge or was consiciously disregarding a substantial risk that she was a minor.

Where the only evidence of knowledge is an uncorroborated, single statement by the witnesses DR (2014) and AD (2018) that they told the defendant they were DR(17) AD(16), the Government has failed to prove the requisite mens rea beyond a reasonable doubt. At most, the evidence created ambiguity; ambiguity cannot satify the beyond resonable doubt requirement for a § 1591 conviction.

Unavailable witness LR Count 5, never testfied about her age, never testified that the defendant knew her age. LR Birthcertificate was not offered as evidence of LR age. No one gave testimony that LR was under age or that LR told them she was under age. LR never gave testimony that she knows the defendant or the defendant knows her. The record as a whole in respect to Count 5 LR fails the Jackson's standard and the defendant should be acquitted of said count but not limited to all counts in the indictment because the jury was shown photo's of LR over the defenses objections that was overruled, but caused prejudice 403/404 and undermined the trial as a whole by stacking more evidence in the jurys mind, over whelming the jurors with as many victims as possible even the one's the Government could not prove or provied and/or not actual victim's.

ARGUMENT VIOLATION OF DEFENDANT RIGHT TO CONFRONTATION SIXTH AMENDMENT

III. Count 5 LR, the Government has violated the defendants constitutional right to Confrontation Sixth Amendment once again but in this time it has been in a trial unlike the other times the defendants right to confront at a preliminary hearing and/or where the defendants liberty was restrained

(see.lack of subject matter jurisdiction motion). The Government had witness LR Count 5 on there witness list but failed to provied the witness for confrontation after superseding defendant with this Count 5 LR in retaliation for the defendant raising his constitutional rights and not signing the Governments plea agreements aka a vindictive prosecution.

During trial the testimony about the unavailable witness/victim LR, including photos of the unavailable witness LR was admitted over the defense objection which further undermines the sufficiency of the Government's case.

During trial Witness DR testified about an unavailable witness LR Count 5 being "sex trafficked out of" Motel 6 February 12, 2014. The defense objected; the court overruled. That testimony was (a) hearsay concerning an absent declarant and (b) likely testimonial if offered to prove the truth of trafficking allegations attributed to LR Count 5, and thus should have been excluded under Crawford v. Washington, 541 U.S. 36 (2004), unless the declarant was unavailable and the defendant had a prior opportunity to cross examine her. LR Count 5 was not produced and was therefore unavailable for cross examination at trial. The admission of that testimonial out of court statement deprived the defendant of the right to confront the witness and INJECTED CRITICAL, untested hearsay into the record on both the interstate commerce element (the Government relied on witness DR narrative to prove trafficking LR Count 5 "out of" Motel 6) and the general narrative of operations. Witness DR narrative and testimony about LR was central to the Governments case on Count 5 and not cumulative, thuse not being a harmless error. The admission of these statements was so central to the Government's case that, without it, the remaining evidence is insufficient for a rational

13

juror to convict. Because the Government offered no independent proof of interstate commerce or of the defendant's knowledge/reckless disregarded LR Count 5 age, and because a key piece of the Government interstate theory came from untested hearsay about an unavailable witness/victim LR, the record as a whole fails the Jackson's standard.

III.

A. <u>STATEMENT OF FACTS</u>

At trial, the Government elicited testimony from DR that on February 12, 2014 absent witness LR and DR were both prostituting at the Motel 6 and that LR was being sex trafficked by the defendant.

The testimony introduced by DR introduced the substance of out of court statements attributed to the absent declarant LR Count 5.

The Government did not show that the declarant LR was previously cross examined in a proceeding (prior testimony, deposition, or preliminary hearing) that would satisfy the Confrontation Clause, nor did the Government show that the defendant forfeited his confrontation rights by wrongdoing that prevented the declarant's testimony See. Giles v. California, 554 U.S. 353 (2008).

The declarant LR did not testify at trial and the prosecution did not provide an adequate substitute violating the defendants Sixth Amendment.

The testimonial statements from DR about LR was central to the Governments case in respect to Count 5 LR, the statements were the only evidence connecting the defendant to the crime, or they supplied key elements like intent/identity/occurrence.

Without the testimonial statements, the remaining properly admissible evidence is insufficient as a matter of law to sustain a conviction.

ARGUMENT COERCION OF ALL COUNTS

IIII. The Government put on testimony of 4 witnesses about harm and threats of harm by the defendant.But the Government failed to establish a connection between the alleged abuse and threats and the alleged witnesses/victims feeling of coercion to perform sexual activity or continue to perform sexual activity to avoid incurring that harm. The Government did not elicit one testimony from any of the witnesses that they was force, frauded or felt like they had to perform sexual activity's to avoid harm from the defendant. The witnesses never testified that they did not want to engage in commercial sex acts while with the defendant or that the defendant would beat them if they didn't engage in commercial sex acts. The witnesses never testified that the defendant knew they were engaging in commercial sex acts for money. The witnesses never testified that the defendant told them to have sex for money. The Government must not only present evidence of harm or physical restraint or threats of it but that such harm or threats of harm compelled a reasonable person of the same background to perform or continue to perform sexual activity to avoid incurring that harm.

The 18 U.S.C 1591 statue does not ask the jury or the courts to be mind readers. It does not ask the jury or the courts to be psychological analyst or psychiatric and guess these women/witnesses/victims mental state while dealing with alleged abuse and being sex workers at the same time. But that is what the Government has done in this prosecution/trial. Instead of proving by asking the witnesses how they felt, they have left it up to the jury to determine these witnesses mental state in respect to the coercion element of the 1591 statue. The Government nor the court even explain to the witnesses what

15

the legal definition of coercion is, so the witnesses could explain to the courts and to the jury if they were feeling like they were under a mental state of coercion dealing with the defendant. The jury has made a verdict on seeing signs of physical violants and has speculated that these witnesses must have been under a state of coercion instead of ruling on the testimony of the witnesses. None of the witnesses gave testimony that would lean towards coercion, only that they did not like the physical violents from the defendant. None of the witnesses had testimony that this alleged physical violents, threats of harm or abuse motivated them to continue engaging in commercial sex acts.

The Government's reliance on "brainwashing" and mental coercion is not based on any credible and qualified expert opinions. Moreover the Government's, the courts in action to have the witnesses testify to there feelings or mind set while being in the sex industry dealing with abuse and how that abuse has motivated or made them feel as they had to continue in the sex industry to avoid abuse, harm, or threats of harm is a injustice not only to the defendant but to the alleged victims of sex trafficking. The Government has ask the jury to be psychiatric for these women and guess to there mental state based on evidence of violents or threats of violents to prove coercion.

IIII.
A. <u>STATEMENTS OF FACT</u>

TP testified that i did not force her or anybody to have sex for money in her testimony.

TP testified that it was no reason to call 911 when she was with the defendant.

TP testified that the defendant stop dealing with her in her testimony, and did not testify to the defendant making her stay to make money.

16

TP testified to the defendant hitting her one time but did not testify that this domestic dispute caused her to keep commiting commercial sex acts for money for the defendant to not incure more harm from the defendant.

DR Count 2 and KM Count 6 demonstrated that they both left the defendant multiple time on several occasions through out the years they were with the defendant but returned voluntarily. The defendant showed in text messages that DR begged the defendant to come back 4 months before she left for good in late 2017. DR testified to leaving and coming back to the defendant on her own free will.

KM testified to leaving the defendant in 2015 to another pimp, and even bragged about it on the stand but then admitted to return back to the defendant because he "had a better program".

DR lied on the stand about being sex trafficked her whole 9 months of being with child with the defendants baby, when in fact the defendant was in state jail for the first 6 months DR was with child and that was proven during cross of DR.

ARGUMENT <u>AGENT WILLIAMS NOT BEING A EXPERT WITNESS</u>

.V. The court's admission of testimony by Agent Theo Williams about propensities of sex traffickers and victims of sex trafficking was inadmissible because he lack the credentials and expertise and qualifications to provide the type of opinion testimony that he provided to the jury. The Government explicitly proffered him as an expert then denied that he was testifying as an expert but them elicited expert testimony under the guise of fact-witness testimony (which he never provided). Also, the courts prevented the defendant from impeaching Agent Williams on the blatant misrepresentation he made in his CV in which he wrote that he had provided "Expert Testimony" in a federal case in Colorado. He clearly lied based on

17

the transcript of that trial the defendant presented in court, yet the court blocked the defendant from conducting cross-examination to impeach him on that issue. Agent Theo Williams testified to general patterns and practices of sex trafficking under the premise that he would go on to testify about this case but the Agent did not say a single word about this case.

CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the defendant respectfully requests that the Court grant judgment of acquittal under Fed.R.Crim.P.29(c) as to all count(s) because the Government failed to prove:(1) that the conduct in Count 1, Count 3 and Count 4 was in or affecting interstate commerce and (2) in Count 1, Count 4 and Count 5 that the defendant knew or acted in reckless disregard of the victim's minority. (3) the Government failed to make a connected and elicit testimony from witnesses about the alleged abuse and threats and the alleged victim's feeling of coercion to perform sexual activity for money or to continue to perform sexual activity to avoid incurring that harm. The Government failed the force, fraud and coercion that 1591 statue requires. In the alternative, the Court should grant a new trial under Rule 33 because the Confrontation Clause Violation so infected the trial that the verdict is unreliable. In the alternative, if the Court denies this motion the defendant requests that the Court (a) place on the record the reason for denial,(b) state that denial is without prejudice to renewal for appellate preservation, and (c) permit the motion to be made part of the trial court record for appellate review.

Respectfully Submitted

x. _____
Attorney in Fact

UCC 1-308
All rights reserved

18



Jonathan Smith-Byrd #28795510
Federal Detention Center Houston
P.O. Box 526255
Houston, TX 77052

United States Courts
Southern District of Texas
FILED

JUN 01 2026

Nathan Ochsner, Clerk of Court

United States District Court
Judge Hanks Jr.
515 Rusk St.
Houston, TX 77002

Legal Mail

THIS CORRESPONDENCE IS FROM AN INMATE
IN CUSTODY OF THE BUREAU OF PRISONS